■ PAUL WOLK, Respondent, v MAX FARASH et al., Appellants. — Order unanimously modified and, as modified,. affirmed, without costs, in accordance with the following memorandum: The parties to this proceeding acquired several parcels of real property in their joint names to be used to stable their horses. The operation was known as Parkside Stables. When the first parcel was acquired in 1964, they executed an agreement to share the expenses for operating the stable and for carrying the real estate. The agreement provided that in the event of the death or withdrawal of one of the three, the remaining parties could acquire the withdrawing party's share at book value. Subsequently, three other parcels of real estate were acquired and added to the stable operation, but it is not clear from the moving papers what arrangement the parties intended for ownership of these in the event of the withdrawal or death of one of the owners or, indeed, whether the owners' relationship as to those properties was other than as tenants in common. In 1979 the parties disagreed on management of the stables and plaintiff sent a letter to defendants in which he refused to continue sharing in the stable expenses, although he continued to pay the real estate expenses. This constituted a repudiation of the 1964 agreement and entitled defendants to partial summary judgment directing that plaintiff convey his interest in the real property acquired in 1964, as the agreement required, at book value as of the date of withdrawal. There remain questions of fact, however, with respect to the remaining acquisitions, whether the parties intended that owners' rights in those properties were to be governed by the 1964 agreement, or whether the owners had any agreement at all as to those parcels upon the withdrawal of one of the parties from the stable operation. (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — partial summary judgment.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.